UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. _____

**CAPITAL DEVELOPMENT GROUP, LLC**,
a Massachusetts limited liability company

     Plaintiff,

vs.

**BUENA VISTA TERMINAL, LLC**,
a Florida limited liability company

     Defendant.

_____/

## **COMPLAINT FOR SPECIFIC PERFORMANCE**

Plaintiff Capital Development Group, LLC ("CDG") for its complaint against Defendant Buena Vista Terminal, LLC ("BVT") hereby alleges as follows

1. This is an action for specific performance of a contract to convey real property in Miami Dade County, Florida.

2. Plaintiff CDG is a Massachusetts limited liability company.

3. Defendant BVT is a Florida limited liability company.

4. The members of Plaintiff are residents of Massachusetts.

5. The members of Defendant are residents of California and New York.

6. The amount in controversy in this lawsuit exceeds $75,000, exclusive of attorney's fees and costs.

7. Venue is proper in Miami-Dade County, Florida because that is the county where the cause of action accrued and where the property at issue in the litigation is located.

8. The parties entered into a Commercial Contract dated July 18, 2016 (the "Initial Contract" attached as Exhibit A) for the purchase of a property at 116 NW 52nd Street and 123 NW 51st Street, Miami FL 33127 (collectively, the "Property").

9. The parties entered into an Addendum to the Contract, dated July 18, 2016 (the "Addendum" attached as Exhibit B).

10. The parties entered into the First Amendment to Commercial Contract on or about August 27, 2017 (the "First Amendment" attached as Exhibit C, and the Initial Contract, the Addendum and the First Amendment are referred to collectively as the "Contract").

11. Pursuant to the Contract, CDG's right and obligation to close was Property was subject to a zoning approval contingency, which CDG would retain as long as it paid a certain amount per month.

12. In September 2018, BVT filed an action in state court seeking to terminate the contract on the basis that the time frame for closing was indefinite.

13. On a motion for summary judgment, the state court held that the contract was "indefinite" and provided CDG 60 days to close on the sale or the contract would expire.

14. The state court then stayed execution of its order to give CDG time to file an appeal.

15. The state court's stay orders expressly kept the Contract in force and allowed CDG to close by September 29, 2020, or post a bond, or else the Contract would expire.

16. On September 18, 2020, CDG gave BVT Notice that:

As you know, the Order on Summary Judgment dated October 7, 2019 ("Order") held that 60 days from the date of the order was reasonable notice for closing on the transaction. That 60 day period was subsequently extended several times with the Court's most recent order requiring closing to occur by September 29, 2020. In accordance with the Court's orders this letter shall serve as Capital Development Group, LLC's ("CDG's") Notice of Intent to close on September 28, 2020.

At the closing, and in compliance with the parties' Agreement, BVT shall convey the Property to CDG free and clear of all liens (subject to permitted encumbrances only), tenancies, and occupants. Enclosed with this Notice is a title commitment that sets forth requirements 5-10 in Schedule B-1 that require cooperation from and shall be satisfied by BVT. In preparation of closing, CDG requests that BVT provide all closing documentation by no later than Tuesday, September 22, 2020.

A copy of this letter is attached hereto as Exhibit D.

17. On September 21, 2020, BVT responded: "I wholly disagree with your characterization that the '60 day period was [] extended several times" and that this "correspondence is to advise you and your client that CDG no longer has the right or ability to close on the transaction absent a reversal by the appellate court, let alone schedule a closing date two weeks from the date of your notice." A copy of this letter is attached hereto as Exhibit E.

18. Despite its repeated refusal to close, BVT indicated it would close if CDG agreed to raise the purchase price by nearly $300,000.

19. CDG rejected that extortionate demand and insisted that BVT close as per the Contract, which BVT refuses to do.

## COUNT I
## BREACH OF CONTRACT FOR SPECIFIC PERFORMANCE

20. CDG has substantially performed all of its obligations under the Contract.

21. CDG has tendered the purchase price to defendant and requested a conveyance of the real property described in the Contract.

22. Plaintiff was ready, willing, and able to perform its obligations under the contract.

23. Defendant refused to accept the tender or to make the conveyance.

24. Plaintiff offers to pay the purchase price.

WHEREFORE, Plaintiff demands judgment that Defendant be required to perform the Contract for damages and pay attorneys' fees and costs pursuant to §14 of the Contract, plus any other further relief as may be deemed just and proper.

## DEMAND FOR JURY TRIAL

CDG demands a trial by jury on all issues so triable.

        **AXS Law Group, PLLC**
        2121 NW 2nd Ave, Suite 201
        Wynwood, Florida 33127
        Telephone: (305) 297-1878

By:    */s Jeffrey W. Gutchess*
        Jeffrey W. Gutchess, Esq. (FBN 702641)
        jeff@axslawgroup.com
        eservice@axslawgroup.com

        *Counsel for Plaintiff, Capital Development Group, LLC*